UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, et al.,<br><br>Defendants. | Case No.:  25-cv-02953-AJB-JLB<br><br>**ORDER DENYING JOINT MOTION FOR DISMISSAL WITH PREJUDICE** |

Before the Court is the Joint Motion for Dismissal with Prejudice filed by Plaintiff Kathy Nguyen and Defendant Mercedes-Benz USA, LLC. (Doc. No. 12.) In the joint motion, "Plaintiff Kathy Nguyen and Defendant *Ford Motor Company* request a Court Order to dismiss all of Plaintiff's claims against Defendant *Ford Motor Company* with Prejudice." (*Id.* (emphasis added).)

However, Ford Motor Company is not a party to this action. The parties presumably meant to identify Mercedes-Benz USA, LLC, as the defendant joining the motion to dismiss. The Court will leave it to the parties to verify whether that is what they meant.

Additionally, the Court notes that the joint motion only seeks to dismiss the claims against a named defendant. However, Plaintiff's Complaint and the caption to the joint motion both identify "DOES 1 to 10" as defendants in this action. (Doc. Nos. 1-3; 12.) Plaintiff does not allege that any specific Doe Defendant engaged in any particular activity

to support a claim against any individual Doe Defendant. (*See generally* Doc. No. 1-3.) Instead, Plaintiff alleges that the Doe Defendants "are sued pursuant to Code of Civil Procedure section 474, and are each independently, or as a representative of another defendant in this suit, responsible in some manner for the causes of action set forth herein and the damages sustained by Plaintiff." (*Id.* ¶ 3.)

Generally, "the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Although plaintiffs may have an opportunity to pursue discovery to identify the unknown alleged defendants, a court may dismiss Doe Defendants if "it is clear that discovery would not uncover the[ir] identities, or that the complaint would be dismissed on other grounds." *Id.* Absent good cause, a court may dismiss unnamed defendants who have not been served within 90 days of the filing of the Complaint. Fed. R. Civ. P. 4(m). It does not appear that Plaintiff has served any of the Doe Defendants at this time.

Accordingly, the Joint Motion for Dismissal with Prejudice is **DENIED**. (*See* Doc. No. 12.) The parties may file a joint motion that identifies correctly the parties seeking dismissal. The parties should also indicate if such a motion is intended to dismiss only the claims against the named defendant, or the action as a whole.

**IT IS SO ORDERED.**

Dated:  March 23, 2026

_____
Hon. Anthony J. Battaglia
United States District Judge

25-cv-02953-AJB-JLB